CHADBOURN v. DURHAM.

(Filed March 13, 1906).

*Judgment—Sureties.*

Where the solvent sureties paid the amount due on a judgment
against the principal and the sureties and caused the same
to be assigned for their benefit, and the plaintiff was designated
as agent to collect what he could from the insolvent sureties,
and as such agent held the balance due on the judgment and in
pursuance of this arrangement, took from the defendant, an
insolvent surety, a note and mortgage which was to be in full
payment of his liability on said judgment, *held,* that a judg-
ment for the full amount of the note was proper, the *pro rata* due
from the defendant being more than the amount of the note.

ACTION by W. H. Chadbourn against R. I. Durham and
wife, M. Della Durham, to foreclose a mortgage, heard by
*Judge M. H. Justice* and a jury, at the January Term, 1905,
of the Superior Court of PENDER. From a judgment for the
plaintiff, the defendants appealed.

*E. K. Bryan* and *J. T. Bland* for the plaintiff.
*J. D. Kerr* and *Stevens, Beasley & Weeks* for the defend-
ants.

HOKE, J. The plaintiff and defendants and some others
were sureties on the bond of E. M. Johnston, ex-sheriff
of Pender County. Said Johnston, having failed to account
properly for county funds, judgment was rendered against
him and his sureties for $5,075.85. The property of said
Johnston was sold to satisfy said judgment, and several
thousand dollars was realized from said sale, leaving a bal-
ance due. The solvent sureties, the plaintiff being among
them, paid the amount due to the county on said judgment
and caused the same to be assigned for their benefit and pro-
tection. The plaintiff was designated as agent to collect what

he could on the respective amounts due by the insolvent sureties, and, as such agent, holds and controls the balance due on the judgment against Johnston and others. In pursuance of this arrangement, the plaintiff took from the defendant, who was an insolvent surety, the note for $150, secured by the mortgages sued on. Both the plaintiff and the defendant testified that the same was given by Durham in payment of the amount due from him on the judgment aforesaid, and that it was to be in full payment and discharge of any and all liabilities of said Durham on the judgments. It was found that the *pro rata* due from the defendant was more than the amount of the note.

On these facts, the court correctly instructed the jury that if they believed the evidence, they would render a verdict for the full amount of the note and interest. The jury so rendered the verdict, and judgment was thereupon rendered for the plaintiff.

There is no error. The note was given by Durham in payment of the *pro rata* amount due from him on the judgment, and was to protect him from further liability. The plaintiff is in a position to comply with the agreement and the judgment of foreclosure is affirmed. Both the plaintiff and the defendant having testified that on payment of the note and interest Durham would be relieved of any and all liability by reason of the judgment, the final decree should be so drawn as to afford him protection in accordance with this stipulation.

Affirmed.